(No. 26878.—Judgment affirmed.)

BENJAMIN GOLD et al., Appellants, vs. THE ILLINOIS COMMERCE COMMISSION et al.—(COMMONWEALTH EDISON COMPANY, Appellee.)

*Opinion filed March 16, 1943—Rehearing denied May 14, 1943.*

BERNARD YEDOR, CHARLES LIEBMAN, and EDWARD A. LESLIE, for appellants.

GEORGE F. BARRETT, Attorney General, (WILLIAM C. WINES, of counsel,) for the Commerce Commission.

ISHAM, LINCOLN & BEALE, (HARRY J. DUNBAUGH, and DAVID F. TABER, of counsel,) for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

The Illinois Commerce Commission of its own motion in 1933 instituted a certain proceeding against Commonwealth Edison Company which resulted in an order dated October 2, 1936, establishing a base rate for service, and directing certain reductions in electric rates. In May, 1940, eight residential electric customers of the Commonwealth Edison Company filed their complaint with the Commerce Commission setting up three distinct matters in separate counts. Count one alleged the previous proceeding before the commission was not properly concluded and should not be considered as a final order, and prayed that the commission disregard or set aside the said order made October 2, 1936, and proceed as if no order had been entered. The second count was based upon a claim for reparations. And the third count sought to have the commission institute a general rate and valuation case against the Commonwealth Edison Company.

The purport of complainant's petition was to require the commission to proceed further with the complaint upon

which they had entered an order October 2, 1936. Upon motion the commission dismissed count one. Commonwealth Edison Company answered counts two and three and the matter proceeded to a hearing, in which testimony of several hundred pages was taken. September 17, 1940, a final order was entered by the Commerce Commission dismissing the complaint which, among other things, recites: "The essential matter before the commission is an attempt of a small group of customers and lawyers to institute and demand the aid of public authority in the prosecution of a rate case which by its nature must necessarily be protracted and expensive, and which will necessarily be carried on largely at the expense of taxpayers and ratepayers, all without showings of reasonable cause." In addition to the foregoing the commission set out general findings and conclusions on all the issues involved preliminary to its final order dismissing the case.

The petitioners filed their application for rehearing containing twenty-seven specifications of error, including twenty objections to the findings and conclusions of the commission, which application for rehearing was denied by the Commerce Commission. Thereupon the plaintiffs perfected their appeal to the circuit court of Cook county, which on March 24, 1942, entered an order reciting it had jurisdiction of the subject matter and the parties, and that the order appealed from was within the jurisdiction of the commission, and was supported by the commission's findings of fact, and that such findings of fact were supported by evidence considered by the commission, and the order of the commission was thereupon affirmed. The plaintiffs appealed directly to this court, and assign as the only error that the circuit court erred in not showing in its judgment the decision on the issues raised in the petition for rehearing.

The pleadings are not completely abstracted, and none of the evidence in the case is abstracted. In their brief

petitioners rely solely upon the case of *Dubin* v. *Department of Registration and Education,* 380 Ill. 57, as requiring the circuit court to specify the grounds upon which it based its decisions, and suggest further that if the *Dubin case* does not apply leave be given appellants to file a full abstract and brief and argument upon the merits within thirty days of this court's decision.

Appellants misconceive the effect of the *Dubin case.* It construed the provisions for a hearing and appeal from actions taken by the Department of Registration and Education in recalling dental licenses, and the statute in that case provides: "No Department order of suspension or revocation shall be set aside or vacated on any ground not specified in the written motion for rehearing provided in this Act." (Ill. Rev. Stat. 1939, chap. 91, par. 62f.) In that case we held that while the appeal was authorized to be taken to a court of general jurisdiction, nevertheless, where such court exercised special powers conferred by statute and not exercised by the courts of the common law, it does not in such case differ from a court of limited and special jurisdiction, and nothing will be presumed to be within the jurisdiction of the court which does not appear distinctly to be so. And, since in that case it did not appear the court decided the issues upon any of the grounds specified in the petition for rehearing, to which its jurisdiction was limited, the judgment of the court failed to show the requisite matters to give it jurisdiction.

On the other hand, in matters decided by the Commerce Commission, an appeal is authorized by the statute. (Ill. Rev. Stat. 1939, chap. 111⅔, pars. 71-72.) Section 68 (par. 72) provides that the circuit or superior court of the proper county has jurisdiction upon appeal "for the purpose of having the reasonableness or lawfulness of the-* * * order or decision inquired into and determined." It also provides the appeal shall be heard upon the record as certified to by it, and that the order or decision of the com-

mission shall not be set aside unless it clearly appears the finding of the commission was against the manifest weight of the evidence, or the order or decision was without the jurisdiction of the commission. Section 67 (par. 71) provides: "No appeal shall be allowed from any * * * order or decision of the Commission unless and until an application for a rehearing thereof shall first have been filed with and acted upon by the Commission;" and further that "no person or corporation in any appeal shall urge or rely upon any grounds not set forth in such application for a rehearing before the Commission."

In cases appealed from the Commerce Commission the issue is the reasonableness and lawfulness of the order entered by it, which, of course, includes whether it acted within the statutory powers, and whether there is substantial foundation in the evidence, and whether constitutional rights have been violated. *South Chicago Coal and Dock Co.* v. *Commerce Com.* 365 Ill. 218; *Brotherhood of Railroad Trainmen* v. *Elgin, Joliet and Eastern Railway Co.* 374 Ill. 60.

The distinction between the powers given a circuit or superior court upon appeal under the act involved in the *Dubin case* and those involved under the Public Utilities Act is as follows: Under the Dental Practice Act, (chap. 91,) the court shall not set aside any order of the Department of Registration and Education on any ground except the ground specified in the petition for rehearing; whereas, under the Public Utilities Act, the circuit or superior court is authorized to inquire into the reasonableness or lawfulness of the order entered, and it is the person who applies for a rehearing who is limited to the points set out in the rehearing. Under the Dental Practice Act the petition for rehearing limits the jurisdiction of the court to the points set out therein, but under the Public Utilities Act the petition for rehearing limits the points which may be raised or argued by a party to the cause. The principle applied

in the *Dubin case* has no application to an appeal from an order of the Commerce Commission.

As above pointed out, appellant has not abstracted the evidence taken in the case. Rule 38 of this court makes it the duty of the party bringing a case before this court to furnish a complete abstract of the record sufficient to fully present every error relied upon. This court is not obliged to search the record for deficiencies, nor to determine legal questions not argued or urged by the parties. We know of no proceeding by which a party may bring its case to this court one point at a time or by piecemeal.

The appellants urged some twenty-seven points in their petition for rehearing, and if their position is correct they could abstract the case sufficiently to pass upon one point and, if determined adversely, ask that we grant leave to bring up sufficient of the record to pass upon the other points. This is in clear violation of our rules, and contrary to the practice on appeal. In this case appellants have elected to present only sufficient of the pleadings and evidence to enable us to pass upon the one point urged upon appeal. By so doing they have abandoned any other ground of appeal they might have.

As pointed out, the ruling in the *Dubin case* has no application to an appeal from an order of the Commerce Commission. There being no merit in the point raised, the failure to abstract the case to properly present any other errors that might be urged in the proceeding requires this court to affirm the judgment of the circuit court of Cook county. *Department of Finance* v. *Bode,* 376 Ill. 374; *Department of Finance* v. *Sheldon,* 381 Ill. 256.

The judgment of the circuit court of Cook county is affirmed.

*Judgment affirmed.*