No. 45,148

KANSAS TRANSPORT CO., INC., GROENDYKE TRANSPORT, INC., EARL
BRAY, INC., and T. CLARENCE BRIDGE and HENRY W. BRIDGE,
d/b/a BRIDGE BROTHERS, *Appellants*, v. THE STATE CORPORATION
COMMISSION OF KANSAS and WILLARD O. BEVERLY, d/b/a BEV-
ERLY TRANSPORTS, *Appellees*.

(446 P. 2d 766)

Opinion filed
November 9, 1968.

*L. M. Cornish, Jr.*, of Topeka, argued the cause, and *Ralph F. Glenn, Jan
W. Leuenberger, M. D. Bartlow, Edward B. Soule* and *Robert A. Atherton*,
all of Topeka, *Chauncy Zimmerman*, of Wichita, and *Donald S. Hults*, of
Lawrence, were with him on the briefs for the appellants.

*E. Edward Johnson*, of Topeka, argued the cause, and *William H. Reeder*,
of Topeka, was with him on the briefs for the appellee, State Corporation
Commission of Kansas.

*Theodore A. Metz*, of Lincoln, was on the briefs for the appellee, Willard
O. Beverly.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal by four common carriers by
motor seeking a review of the order of the district court sustaining
an order of the State Corporation Commission granting an extension
of the common carrier certificate of Beverly Transport. The order
extended Beverly Transport's common carrier route authorizing the
transportation of liquid petroleum gas between all refineries and
pipeline terminals in Kansas to points and places in Lincoln, Mitch-
ell and Russell Counties, Kansas. Three appealing common carriers
are authorized to transport the product in approximately the same
area. The fourth carrier (Bridge Brothers) is authorized to trans-
port the product between all points and places west of state high-
way 14, which covers most of the territory requested by the
applicant.

The appellants contend that the evidence was insufficient to show

the proposed service would promote public convenience and necessity but rather it did show that the existing common carrier service was reasonably adequate. They further contend that the order of the Commission did not contain adequate findings, and the findings were not supported by substantial and competent evidence.

The conditions under which the Commission may grant or extend a common carrier certificate are stated in K. S. A. 66-1,114 which provides in part as follows:

". . . If the commission finds from the evidence that the proposed service or any part thereof will promote the public convenience and necessity, the commission shall issue the certificate; otherwise the certificate shall be denied. Before granting a certificate to a public motor carrier, the commission shall take into consideration other existing transportation facilities in the territory for which a certificate is sought, and in case it appears from the evidence that the service furnished by existing transportation facilities is reasonably adequate, the commission shall not grant such certificate.

The Commission reviewed the testimony of all the witnesses including five for the applicant and found therefrom:

"The testimony of five shipper witnesses from Luray, Lucas, Beloit and Lincoln, Kansas, was substantial and convincing as to the need for and convenience of the proposed service. It indicated in most instances that the shippers were unfamiliar with the service now being performed by protestant carriers with the exception of Kansas Transport Company, Inc., and that most of them had not been called on or solicited by protestants for their business.

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"The evidence indicates, and the Commission finds that the applicants have shown that the proposed service is required and that the granting of this application will be consistent with the public interest; that the supporting shipper witnesses testified as to convenience and need of having a driver who was familiar with their base of operations; that they required and will use the proposed service to and from points in the territory covered by the application; that because of their small storage facilities, they depend heavily on truck transportation immediately available to keep their supplies ample; that this need becomes acute and critical in cold weather when speedy service is an absolute necessity to maintain adequate service to the farm and small town homes heated by LPG; and that they believe this need can best be met by applicants due to their being located nearby and being familiar with shippers' needs and operations.

"The evidence further indicates that the service the applicants will supply is largely an auxiliary source of fuel supply that is needed most when the protesting carriers would be the busiest, and if granted, the authority herein will not result in a diversion of traffic to protestants or an impairment of existing services.

"The evidence indicates and the Commission finds that the public convenience and necessity justifies and requires the extension of service sought,

as amended, and that the operations of the applicants would be in the public interest and not contrary thereto, and said application for extension of the certificate of convenience and necessity covering Route 3142 in Docket 33,708 M should be granted, as amended."

The trial court reviewed the entire transcript and found the order of the Commission to be just and reasonable. Without setting out the testimony we find no difficulty in concluding that the findings of the Commission were supported by competent and substantial evidence when tested by our previous decisions. This court will not weigh the evidence. Neither will it search the record for proof of the ultimate fact. Its duty is to review the record to determine if the basic findings are supported by any substantial competent evidence.

In *Kansas Public Service Co. v. State Corporation Commission*, 199 Kan. 736, 433 P. 2d 572, we held:

"Where the State Corporation Commission is required as a matter of procedural law to make basic findings of fact in order to support its administrative determination, courts will not search the record to ascertain whether there is evidence from which an ultimate finding can be made. Under the Public Utility Act (K. S. A. Ch. 66) it is the function of the Commission, and not of courts, to find the facts." (Syl. ¶ 5.)

In *Graves Truck Line v. State Corporation Commission*, 195 Kan. 82, 402 P. 2d 757, we concluded in ¶ 2 of the syllabus:

"In considering an application for review of an order of the State Corporation Commission the district court may not substitute its judgment for that of the Commission, when the order is supported by substantial competent evidence, merely because the court if it had been sitting as a fact finding body would have arrived at a different conclusion."

We have approved the rule that accommodation and convenience to the public are the main factors to be considered, absolute necessity for the additional service is not the test. It is sufficient to show that the existing service is not of such a type or character which satisfies the public need and convenience and the proposed service would tend to correct or substantially improve such condition. (*Class I Rail Carriers v. State Corporation Commission*, 191 Kan. 201, 380 P. 2d 396.)

The appellants further contend that the order of the Commission did not contain adequate findings.

In *Kansas Public Service Co. v. State Corporation Commission*, supra, we stated in ¶ 2 of the syllabus:

"The requirement that an administrative agency such as the State Corporation Commission make basic findings of fact is to facilitate judicial review, avoid

judicial usurpation of administrative functions, assure more careful administrative consideration to protect against careless and arbitrary action, assist the parties in planning their cases for rehearing and judicial review, and keep such agency within its jurisdiction as prescribed by the Legislature."

We have continued to adhere to that rule. (*Cities Service Gas Co. v. State Corporation Commission*, 201 Kan. 223, 440 P. 2d 660.)

The Commission has fixed a standard for its findings and conclusions. Its rule 82-1-232 provides in part:

". . . The body of the order shall recite . . . a summary of the allegations and contentions of the applicant (or the complainant or the petitioner), a summary of the evidence introduced by the applicant (or the complainant or the petitioner), a summary of all other evidence, a section entitled 'findings of facts' listing all facts found by the commission to be true, a section entitled 'conclusions of law' containing legal conclusions of the commission, and the directive or mandate of the commission, stated in concise and mandatory language. . . ."

The findings may be lacking as to form but they are sufficient as to substance. We must not expect absolute perfection from our administrative bodies. We stated in *Kansas Public Service Co. v. State Corporation Commission*, supra, syllabus ¶ 4:

"In making basic findings of fact, the State Corporation Commission is not required to state its findings with such minute particularity as to amount to a summation of all the evidence. It must assume, however, the responsibility of expressing the basic facts on which it relies with sufficient specificity to convey to the parties, as well as to the courts, an adequate statement of the facts on all applicable standards which govern its determination, and which persuades it to arrive at its decision."

A finding of the Commission that additional service is a convenience and necessity is the equivalent to a finding that the existing service is not adequate. (*Class I Rail Carriers v. State Corporation Commission*, supra.)

Measured by the rules laid down in our previous decisions we are forced to conclude that the findings were supported by substantial competent evidence and the findings are sufficient to support the Commission's order.

The judgment is affirmed.

APPROVED BY THE COURT.