No. 47,391

Graves Truck Line, Inc., Kenneth F. Shade, d/b/a K and B Freight Line, Cassell Truck Lines, Inc., and Stevens Express, Inc., *Appellees and Cross-Appellants,* v. The State Corporation Commission of the State of Kansas, *Appellant and Cross-Appellee,* and Exhibitors Film Delivery and Service Company, Inc., *Intervenor,* and Jayhawk Truck Lines, Inc., *Intervenor.*

(527 P. 2d 1065)

Opinion filed November 2, 1974.

*Paul R. Bergant,* of Topeka, assistant general counsel for the State Corporation Commission, argued the cause, and *James E. Wells,* of Topeka, general counsel, was with him on the brief for the appellant and cross-appellee.

*John E. Jandera,* of Topeka, argued the cause, and *James P. Mize,* of Salina, was with him on the brief for the appellees and cross-appellants.

*Richard C. Byrd,* of Anderson, Byrd & Richeson, of Ottawa, argued the cause and was on the brief for the intervenor, Exhibitors Film Delivery and Service Company, Inc.

*Paul V. Dugan,* of Wichita, was on the brief for the intervenor, Jayhawk Truck Lines, Inc.

The opinion of the court was delivered by

OWSLEY, J.: This is an appeal from a district court order vacating and setting aside certain parts of an order of the State Corporation Commission granting Jayhawk Truck Lines, Inc., a certificate of convenience and necessity as a common carrier of general commodities. Formal protests to the application were filed by Graves Truck Line, Inc., and other motor carriers, who are now aligned as appellees and cross-appellants. The basic issue on appeal is whether the Commission's order granting the authority was supported by substantial competent evidence, and was therefore lawful and valid.

For the sake of brevity, hereinafter the State Corporation Commission will be referred to as "Commission;" Jayhawk Truck Lines, Inc., as "Jayhawk;" Graves Truck Line, Inc., as "Graves;" Kenneth F. Shade, d/b/a K and B Freight Line, as "K and B;" Cassell Truck Lines, Inc., as "Cassell;" Stevens Express, Inc. as "Stevens;" and Exhibitors Film Delivery and Service Company, Inc., as "EFD."

On November 16, 1971, Jayhawk filed an application for convenience and necessity as a common carrier over certain routes within the State of Kansas to wit:

"To, from and between Wichita, Kansas, Emporia, Kansas, and a five (5) mile radius thereof and Salina, Kansas, and a five (5) mile radius thereof, and the intermediate points of Walton, Peabody, Florence, Cedar Point, Elmdale, Strong City, Saffordville, Marion, Hillsboro, Galva and the off-route points of Cottonwood Falls, Lehigh, Canton, Bridgeport, Assaria, Smolan, Mentor and Lindsborg, Kansas."

On December 16, 1971, the Commission issued its notice of hearing and shortly thereafter formal protests were filed by Graves, K and B, Cassell, EFD, Stevens, and other common carriers, all asserting the adequacy of existing service. All the protestants to this action are general commodity common carriers except EFD, which is an express carrier. Express carriers generally give faster service at higher rates, but can only carry packages weighing no more than 350 pounds each.

Hearings were subsequently held concerning the application of Jayhawk. At the hearings Jayhawk offered the testimony of more than twenty witnesses to show the public need for the requested authority. On cross-examination the appellees attempted to counteract this testimony by bringing out evidence of the adequacy of the existing service.

After hearing all the evidence, the Commission issued its order granting the authority sought. In its findings of fact and conclusions of law the Commission stated:

"The Commission has considered the evidence as to the public need for the type of common carrier service required by this application. The applicant is prepared to offer the type of service that the public in general needs and demands and that no substantial diversion of traffic to protestants or impairment of existing service will result.

"The Commission further finds that it is not sufficiently impressed that the protestants in this matter have rectified numerous complaints by witnesses during the course of this hearing. It appears that had this application not been filed the small town customers and their complaints would not have been heard and recognized, nor would corrective action been forthcoming.

"The evidence of the supporting shippers clearly established that the shippers require the proposed service. The evidence discloses there are a sufficient number of witnesses seeking service at representative points throughout the territory embraced in the application to show a need for applicant's service.

"Under the circumstances here presented, and upon consideration of the application and the testimony introduced at the hearing, the Commission concludes that the applicant has established that it is capable of adequately performing the service which would be required under its proposed application for a certificate of convenience and necessity and concurrent motor carrier authorization in interstate or foreign commerce within the limits of intrastate authority pursuant to Section 206 (a) (6) of the Interstate Commerce Act, and that public convenience and necessity justifies and requires the institution of service for which authority is sought.

"The Commission further finds that applicant is fit, willing and able properly to perform such service and to conform to the requirements of the Kansas Motor Carrier Law and to the requirements of the Interstate Commerce Act and to the Kansas and Interstate Commission's rules and regulations thereunder."

The authority granted was expressly made subject to the right of the Commission to impose such conditions or limitations in the future as it should find necessary.

Timely applications for rehearing were filed by the protestants and oral arguments were heard pursuant to proper notice. Thereafter, the Commission issued its order of affirmation of the original

order. The appellees herein filed their application for review with the district court, alleging the applicant had failed to sustain its burden of proving public convenience and necessity. Petitions to intervene were filed on behalf of Jayhawk and EFD.

On October 3, 1973, after the matter was submitted to the district court on briefs and arguments, the court entered its findings of fact and conclusions of law and an order vacating and setting aside, for lack of substantial competent evidence to support it, all that part of the order of the Commission granting authority to Jayhawk to serve territory to, from and between Wichita and Salina, and the off-route points of Bridgeport, Assaria, Smolan, Mentor and Lindsborg; to, from and between Emporia and Salina and the points of Galva, Canton, Lehigh, Hillsboro and Marion. Further, the court found there was substantial competent evidence in the record of a public need for additional transportation services to, from and between Wichita and Emporia; and the intermediate points of Walton, Peabody, Florence, Cedar Point, Elmdale, Strong City, Saffordville, and the off-route point of Cottonwood Falls. The court subjected the foregoing grant of authority to the conditions and limitations to be determined by the Commission as to size and weight of packages and shipments in order to avoid duplication of services furnished by EFD. From such order the Commission filed its notice of appeal.

Appellant's principal contention on appeal concerns the proper scope of judicial review of the Commission's orders. The Commission contends the district court erred in its findings and conclusions that there was not substantial competent evidence to support the Commission's order granting the authority to Jayhawk, over the routes between Wichita and Salina and the intermediate points, as well as the route serving Galva, Canton, Lehigh, Hillsboro and Marion.

Statutory directives concerning the standard to be applied by the Commission when considering an application for a certificate of public convenience and necessity for a common motor carrier are set out in K. S. A. 66-1,114, which provides in part:

"If the commission finds from the evidence that the proposed service or any part thereof will promote the public convenience and necessity, the commission shall issue the certificate; otherwise such certificate shall be denied. Before granting a certificate to a public motor carrier, the commission shall take into consideration other existing transportation facilities in the territory for which a certificate is sought, and in case it appears from the evidence that

the service furnished by existing transportation facilities is reasonably adequate, the commission shall not grant such certificate."

It was under the provisions of this statute that the Commission conducted the hearings and made its finding that "public necessity and convenience" would benefit by granting the application; and further, that existing service was not "reasonably adequate."

Once the Commission has made its findings the district court's power of review is set forth in K. S. A. 66-118d as follows:

". . . Said proceedings for review shall be for the purpose of having the *lawfulness or reasonableness* of the original order or decision or the order or decision on rehearing inquired into and determined, and the district court hearing said cause shall have the power to vacate or set aside such order or decision on the ground that such order or decision is unlawful or unreasonable.

. . .

". . . No court of this state shall have power to set aside, modify or vacate any order or decision of the commission, except as herein provided." (Emphasis supplied.)

There is no question the order was "lawful" in this case. If the prescribed statutory and procedural rules have been followed in making an order, it is not unlawful. (*Southern Kansas Stage Lines Co. v. Public Service Comm.,* 135 Kan. 657, 11 P. 2d 985.) The more difficult question, however, is whether the order is "reasonable." It has been firmly established in this state that an order is generally reasonable if it is based upon substantial competent evidence. (*Central Kansas Power Co. v. State Corporation Commission,* 206 Kan. 670, 482 P. 2d 1; *Rock Island Motor Transit Co. v. State Corporation Comm.,* 169 Kan. 487, 219 P. 2d 405; *Southern Kansas Stage Lines Co. v. Public Service Comm.,* supra; *Kansas Transport Co., Inc. v. State Corporation Commission,* 202 Kan. 103, 446 P. 2d 766.) Substantial competent evidence is evidence which possesses something of substance and relevant consequence, and which furnishes a substantial basis of fact from which the issues tendered can reasonably be resolved. (*Kansas State Board of Healing Arts v. Foote,* 200 Kan. 447, 436 P. 2d 828, 28 A. L. R. 3d 472; *Morra v. State Board of Examiners of Psychologists,* 212 Kan. 103, 510 P. 2d 614.)

We said in *Southern Kansas Stage Lines Co. v. Public Service Comm.,* supra:

". . . It is only when such determination is so wide of the mark as to be outside the realm of fair debate that the courts may nullify it. . . . Where its findings of fact are based upon substantial evidence and the other matters shown by the record with which that tribunal is authorized to deal, a court is not justified in setting its orders aside because the record shows that a

different order or decision than the one made by the commission could fairly have been based thereon. Indeed, there are narrow limits to the authority which the legislature could confer on the court to deal with the sort of powers which may properly be vested in an official board like the commission." (p. 662.)

It has been stated that the reasonableness of a commission order depends on whether, under all the circumstances, it is unfair, unwise and unjust. (*Atchison, T. & S. F. Rly. Co. v. State Corporation Comm.*, 182 Kan. 603, 322 P. 2d 715.) The facts that are to be considered and the relative weight to be given them in making a determination are matters left to the Commission's discretion. (*Central Kansas Power Co. v. State Corporation Commission*, supra.)

The rationale for giving the Commission wide discretion in such matters is its expertise and experience. The legislature has acknowledged this fact by expressly limiting the scope of review of the Commission's orders. As was pointed out in *Southwestern Bell Tel. Co. v. State Corporation Commission*, 192 Kan. 39, 386 P. 2d 515, the duty of the district court to exercise independent judgment neither requires nor justifies disregard of the presumption of validity which is to be given the Commission's findings, and the findings of the Commission, if supported by substantial competent evidence, should not be disturbed by a reviewing court. The court said:

"The district court in reviewing an order of the Commission acts in an appellate capacity.

"This court, on appeal from the district court in such cases, is reviewing the propriety of the decision of an inferior appellate tribunal. The legislature has not defined the limits or responsibility of this court on appeal. However, its responsibility is apparent. It must review the record for the purpose of determining whether the district court observed the requirements and restrictions placed upon it by statute. (*Thompson v. Commerce Com.*, 1 Ill. 2d 350, 115 N. E. 2d 622.)

"The statute providing for proceedings on appeal from an order of the Commission is a directive to the district court as to the nature and extent of its review, and on appeal to the Supreme Court it must determine whether the district court has properly determined the matters to which its powers and duties extend. (*Birmingham Electric Co. v. Alabama Pub. Serv. Com'n.*, 254 Ala. 140, 47 So. 2d 455.)

"If the findings of the district court are challenged on the basis that it did not give proper consideration to the presumption in favor of the Commission's findings, or if the district court substitutes its judgment for that of the Commission where the matter is in the realm of fair debate, this court must review the facts for the purpose of determining the issues so presented.

"However, this court should not attempt to consider the appeal *de novo* and search the record for the purpose of determining the reasonableness of the Commission's order on the issues not challenged." (p. 49.)

The function of the district court in reviewing an administrative order was discussed in the *Rock Island Motor Transit* case. The court said:

"In conclusion, let it be understood that our decision in this case is in no way to be interpreted as a modification or change of the fundamental law of this state which grants to the State Corporation Commission full and exclusive authority and jurisdiction over the issuance or refusal of certificates of convenience and necessity to applicants seeking to operate as common carriers in intrastate commerce. In such instances the Commission should be and is clothed with a wide discretion and its orders, when based on substantial, competent evidence, are final unless vacated or set aside as unlawful or unreasonable by a reviewing district court in accordance with the statute. Furthermore, a district court is not authorized to vacate or set aside such an order based on substantial, competent evidence and to substitute its judgment for that of the Commission merely on the ground that it would have arrived at a different conclusion from the evidence adduced had it been sitting as the trier of the facts rather than the Commission. A district court is authorized to vacate or set aside the order only when, from a review of the entire record, it finds it to be unlawful or unreasonable." (pp. 498, 499.)

The appellees argue that the district court on an appeal such as this has the right to "weigh the evidence." The argument is based on language used in the *Rock Island Motor Transit* case. If the right to "weigh the evidence" was used in the same manner as when the trier of facts weighs evidence in a civil action, we must disapprove such language. The *Rock Island Motor Transit* case should not be construed to permit a district court in the review of an administrative order to determine the weight and credibility of the testimony of any witness. If some significance need be given the language in the *Rock Island Motor Transit* case, as to the right to weigh evidence, it must be limited to a review of the entire record to determine if there was substantial competent evidence to support the findings of the Commission.

After review of the record we conclude the findings of the Commission as to the route between Wichita and Salina, as well as the route serving Galva, Canton, Lehigh, Hillsboro and Marion, were supported by substantial competent evidence. More than twenty witnesses testified on behalf of Jayhawk as to the need for additional common carrier service and the inadequacy of existing service. While the record contains several contradictory statements by these witnesses, it was within the province of the Commission to weigh such testimony and select that which it considered most reasonable. Accordingly, it was error for the district court to set aside the order of the Commission as to these routes.

The final issue raised by the Commission on appeal and by protestants on cross-appeal, concerns the application for service over the route from Wichita to Emporia and the intermediate points. While Jayhawk's application for service to this route was approved by the Commission, the district court found this grant of authority should be subject to appropriate conditions and limitations to protect EFD, and remanded that portion of the order to the Commission for the placing of the specified weight limitations.

The Commission contends the district court erred in placing restrictions on the authority, since that would constitute a substitution of its judgment for that of the Commission. On the other hand, cross-appellant Graves argues that the district court erred in holding the Commission's order granting service on this route was supported by substantial competent evidence.

Based on the authorities previously cited, and after a thorough review of the record, we hold the district court was correct in its finding that there was substantial competent evidence of a public need for additional transportation service to and from the above points, and that existing common carrier service was not reasonably adequate to meet the need.

As to that part of the district court's order which set aside the Commission's order as to shipments of less than 350 pounds, we hold the district court erred. Apparently, the district court felt general commodity common carriers should be restricted to protect express carriers; whereas, the Commission felt they offered distinct services. It is a well known principle that matters of administrative policy will generally be left to the discretion of the administrative agency if they fall within its field of expertise. Recognizing the expertise of the Commission in motor carrier matters, the district court should not have injected its own views into the review of this order as it pertained to EFD.

The case is reversed with directions to reinstate the order of the Commission.