(600 P.2d 145)

No. 50,450
No. 50,538
No. 50,539
No. 50,540

Vulcan Materials Company, Chemicals Division, *Applicant/Appellant*, v. The State Corporation Commission of the State of Kansas; G. T. Van Bebber, William G. Gray, and R. C. Loux, as the constituent members of The State Corporation Commission, and Kansas Gas and Electric Company, *Respondents/Appellees.*

Petition for review denied December 6, 1979.

Opinion filed September 21, 1979.

*Milo M. Unruh,* of Arn, Mullins, Unruh, Kuhn & Wilson, of Wichita, for applicant/appellant.

*Elizabeth R. Herbert,* assistant general counsel for the state corporation commission, for respondent/appellee State Corporation Commission.

*Robert D. Steiger* and *Ralph Foster,* of Law Offices of Ralph Foster, of Wichita, for respondent/appellee Kansas Gas and Electric Company.

Before Meyer, P.J., Rees and Spencer, JJ.

Rees, J.: We have before us four proceedings for review prosecuted by Vulcan Materials Company, Chemicals Division (Vulcan), and consolidated for briefing and argument. They arise from rate hearings requested by Kansas Gas and Electric Company (KG&E).

The principles and rules applicable to judicial review were recently summarized in *Midwest Gas Users Ass'n v. Kansas Corporation Commission,* 3 Kan. App. 2d 376, 380-381, 595 P.2d 735 (1979), *rev. denied* 9/11/79. They need not be restated.

KG&E and the Kansas Corporation Commission (KCC), claiming mootness and relying upon *Six Cities v. State Corporation Commission,* 213 Kan. 413, 516 P.2d 596 (1973), have moved for dismissal of the appeals assigned case Nos. 50,539 and 50,540

in this court. We do not address the merits of these motions. Because of the interrelationship of all involved proceedings before the KCC, we decline dismissal. Since we affirm, the results are the same.

There are two principal issues raised. First, it is contended that the July 22, 1977 order in KCC docket No. 111,986-U was unlawful. The order was in the nature of an emergency order approving a rate increase, effective upon the filing of a repayment bond, and directing KG&E to file an application for a permanent rate increase. Additional revenues were collected under the emergency order until the effective date of a permanent rate increase approved upon hearing of the later filed permanent rate increase application. Reversal of the July 22 order would entitle KG&E's ratepayers to repayment of revenues collected over a period somewhat longer than ten months.

The schedules and documentation filed July 1, 1977, with the application for the emergency order did not fully comply with KCC Rule 82-1-231(c). (All references to K.A.R. 82-1-231 in this opinion are to that rule as in effect on July 1, 1977, and prior to its November 8, 1977, amendment.)

On September 10, 1976, KG&E had filed an application for a permanent rate increase (KCC docket No. 109,227-U). La Cygne Unit No. 2 was under construction and not in service. The KCC in docket No. 109,227-U twice rejected KG&E's efforts to include costs attributable to that generating facility in its rate base prior to placement in service of the unit. On May 15, 1977, and prior to final determination of KG&E's September 10, 1976 application on September 12, 1977, La Cygne Unit No. 2 was placed in service. The KG&E application for an emergency rate increase was essentially occasioned by KG&E's unfavorable financial position resulting from placement of La Cygne Unit No. 2 in service.

The record before us does not demonstrate past or present contentions that the rates approved July 22 were unreasonable, that an order approving an emergency rate increase prior to the filing of an application for a permanent rate increase is unlawful, that there was an insufficient hearing on the application, or that notice of the application filing and the hearing thereon was deficient. The fact that the emergency order application, as filed July 1, did not comply with K.A.R. 82-1-231(c) in the seven

particulars identified in Vulcan's motion for dismissal made orally and in writing at the July 19 hearing on the application, is the sole ground upon which the claim of unlawfulness is made.

Representative of relevant statements and holdings in opinions of our Supreme Court are the following:

"Rules adopted by the State Corporation Commission to assist it to define the public interest and to serve the citizens of the state by prescribing orderly practice and procedure relating to all proceedings before it, carry out the policy declared by the Legislature, and have the force and effect of law." *Cities Service Gas Co. v. State Corporation Commission,* 201 Kan. 223, Syl. ¶ 1, 440 P.2d 660 (1968); *Kansas Public Service Co. v. State Corporation Commission,* 199 Kan. 736, Syl. ¶ 1, 433 P.2d 572 (1967); and see *State, ex rel., v. Columbia Pictures Corporation,* 197 Kan. 448, 454, 417 P.2d 255 (1966).

"The parties agree that the rules and regulations adopted by an administrative agency to carry out legislative policy have the force and effect of law. Further, the commission is required to conform to its rules, and failure to comply renders an order unlawful." *Clairborne v. Coffeyville Memorial Hospital,* 212 Kan. 315, 317, 510 P.2d 1200 (1973); and see *Kansas Public Service Co. v. State Corporation Commission,* 199 Kan. at 745.

"An order is lawful if the prescribed statutory and procedural rules are followed in making the order (*Southern Kansas Stage Lines Co. v. Public Service Comm.,* 135 Kan. 657, 11 P.2d 985)." *Kansas-Nebraska Natural Gas Co. v. State Corporation Commission,* 217 Kan. 604, 616, 538 P.2d 702 (1975).

The transcript of the July 19 hearing reflects oral request by KG&E to furnish documentation to satisfy the presently conceded K.A.R. 82-1-231(c) deficiencies. In its July 22 order the KCC found that:

"Subsequent to the [July 19] hearing in this matter, and on July 21, 1977, applicant did file amendments to the application which contains all schedules and information required by K.A.R. 82-1-231."

July 21 was two days after the hearing and the day before the order. This finding is uncontroverted.

Although in its July 1 written application KG&E referred to "pertinent findings" in KCC docket No. 109,227-U, at the July 19 hearing it asked that administrative notice be taken of that earlier commenced proceeding, it introduced revised schedules, and the commission stated it was taking "administrative notice of the entire [earlier] docket." The administrative notice taken at the hearing and referred to in the July 22 order as "administrative notice of the record and proceedings in Docket No. 109,227-U" was proper under K.A.R. 82-1-230(j) as relaxed, if necessary, by K.A.R. 82-1-230(a). There is no argument by Vulcan that it was not in the public interest to do so.

Vulcan argues that if administrative notice was procedurally proper, that action was futile because KCC docket No. 109,227-U did not contain the information needed to fill the K.A.R. 82-1-231(c) gaps in KG&E's application. We are not staffed and equipped to search the record to establish this negative assertion. Again, the July 22 order contains the unchallenged finding that the additional documentation was filed July 21. Accordingly, the KCC had before it at the time of its order a properly filed and prepared, albeit by supplementation and amendment, application. We are directed to no authority requiring this application to have been earlier filed.

K.A.R. 82-1-237(a) provides that upon the filing of an application KCC staff shall examine it to determine whether it conforms to the KCC rules; if the application fails to conform, the applicant may correct the application. We believe that this rule contemplates correction of an application by amendment or supplementation and authorized KG&E's correction of its application even though such action was instigated by Vulcan's motion to dismiss rather than by notice by the KCC whose staff chose to view the July 1 application to be in conformance with the rules.

The statutory authority of the KCC to make the order is not challenged. There is no contention that prescribed statutory rules were not followed in making the order. We hold there was compliance with the procedural rules of the KCC. *Cf. Kansas Public Service Co. v. State Corporation Commission,* 199 Kan. at 745 [failure to make findings of fact]; *Cities Service Gas Co. v. State Corporation Commission,* 201 Kan. at 229, 232, 238 [failure to make findings of fact]. The emergency order was lawful.

The second principal issue before us is whether KG&E's rates resulting from the proceedings and orders made in KCC docket No. 109,227-U and KCC docket No. 111,986-U are unreasonable. The contention made is that the apportionment of the allowed revenue increases to the various customer classes under the rate schedules approved in those proceedings has imposed upon Vulcan and the other high volume customers in its class an improper share of the allowed increases.

For the purpose of this opinion, we find no need to materially recite the facts underlying the parties' contentions on this issue. Suffice it to say we assume the result of the customer class

apportionment of the allowed revenue increases imposed upon Vulcan an arithmetically disproportionate share. Presuming Vulcan's computation to be correct, KG&E's billings to it in the amount of $6,179,068.92 for the period of October, 1977, through March, 1978, were "excessive" by $44,661.85. This demonstrates the asserted "excess" to be on the order of 0.72805%.

It is our conclusion that the apportionment of the revenue increases in such manner that there was imposed upon KG&E's large, high load factor customers, *e.g.,* Vulcan, a resulting increase arithmetically disproportionate by less than one percent does not render the approved rate design unreasonable. The determinations of the KCC were not so wide of the mark as to be outside the realm of fair debate. *Kansas-Nebraska Natural Gas Co. v. State Corporation Commission,* 217 Kan. 604, 617, 538 P.2d 702 (1975); *Graves Truck Line, Inc. v. State Corporation Commission,* 215 Kan. 565, 569-570, 527 P.2d 1065 (1974). Vulcan has not demonstrated to our satisfaction an unreasonable reduction of the discrimination between KG&E customer classes which has historically favored large customers.

The two remaining issues raised by Vulcan are of no material import. The reference by the KCC in its October 14, 1977 order to a textbook, Bonbright, J., Principles of Public Utility Rates (1961), was no more inappropriate than would be our unsolicited references to Prosser on Torts in an opinion in a negligence case or to Corbin on Contracts in an opinion in a contract case. The challenged portion of the KCC October 14, 1977 order denying rehearing in KCC docket No. 109,227-U and the challenged portion of the KCC July 21, 1978 order denying rehearing in KCC docket No. 111,986-U are considered by us to be clarifications not requiring further hearings; neither changed the substance of the original order but only its language. See *Midwest Gas Users Ass'n v. Kansas Corporation Commission,* 3 Kan. App. 2d at 393.

The KCC order in case No. 50,450 is affirmed. The judgments of the district courts in case Nos. 50,538, 50,539 and 50,540 are affirmed.

SPENCER, J., concurs in the result.