(644 P.2d 999)
No. 52,870

PEOPLES NATURAL GAS DIVISION OF NORTHERN NATURAL GAS COM-
PANY, *Appellee,* v. THE STATE CORPORATION COMMISSION OF THE
STATE OF KANSAS; R. C. LOUX, WILLIAM G. GRAY and JANE T. ROY,
as the Constituent Members of the State Corporation Com-
mission, KANSAS POWER & LIGHT COMPANY and MBPXL CORPO-
RATION, *Appellants.*

Petition for review denied July 21, 1982.

Opinion filed May 12, 1982.

*Curtis Irby* and *Elizabeth R. Herbert,* assistant general counsel, for appellant Kansas Corporation Commission.

*John K. Rosenberg,* assistant general counsel, of Topeka, for appellant Kansas Power & Light Company.

*Jack N. Turner* and *Robert Hall,* of Hall, Turner & Pike, Chartered, of Wichita, for appellee.

Before SPENCER, P.J., REES and MEYER, JJ.

REES, J.: This is an appeal from a district court order vacating and setting aside the dismissal by the Kansas Corporation Commission (KCC) of a complaint filed by Peoples Natural Gas Division of Northern Natural Gas Company (Peoples) challenging performance of a retail gas supply contract between Kansas

Power & Light Company (KP&L) and MBPXL Corporation (MBPXL).

Peoples and KP&L are regulated natural gas public utilities. MBPXL has built and is operating a beef packing plant in Ford County near Dodge City. On August 23, 1978, while the plant was under construction, KP&L and MBPXL entered into a contract (the contract) providing for the sale by KP&L to MBPXL of up to 2,000 mcf of natural gas per day to be delivered at the connection of a KP&L transmission line and a 13.5 mile pipeline to be constructed, owned and operated by MBPXL. The contract recites the parties' understanding that gas deliveries would be initiated on or about October 1, 1979. The gas to be delivered under the contract is primarily for operation of boilers at the MBPXL plant. The physical point of delivery of the gas to MBPXL is in KP&L's certificated territory. The physical point of consumption, or use, of the gas is in Peoples' certificated territory.

KP&L filed the contract and an appropriate related price schedule with the KCC on August 24, 1978, for approval. Peoples had actual notice of the filing. KCC approval was granted September 8, 1978, without a hearing. No hearing was asked for by Peoples or any other party. (See K.A.R. 82-1-232 [b].) More than a year later, on September 20, 1979, Peoples filed with the KCC a complaint having as its stated basis KP&L's intended transaction of the business of a natural gas public utility in Peoples' certificated territory.

By its complaint, Peoples requested the KCC to "order" that (1) sale by KP&L of natural gas as provided under the contract constitutes an "unauthorized invasion of Peoples' certificated area" and (2) "the contract and . . . sale thereunder are in violation of the laws of this state and the Rules of [the KCC], and therefore void." Following a full hearing on the complaint, the KCC, by written order entered January 17, 1980, held the complaint was not timely filed and denied the relief requested. Peoples' application for rehearing was denied by the KCC. Peoples filed and successfully prosecuted an application for judicial review in the Ford County District Court. The KCC and KP&L have appealed from the decision of that court.

Of particular importance is recognition that the proceeding before the district court and now before us on appeal is for judicial review of the January 17, 1980, order of the KCC denying the relief requested by Peoples and dismissing its complaint. The

proceeding is not for judicial review of the September 8, 1978, KCC approval of the contract, despite the attacks upon that approval made by Peoples in its complaint, presentation of the complaint to the KCC, presentation to the district court, and presentation to us.

It is appropriate to restate the following from *Midwest Gas Users Ass'n v. Kansas Corporation Commission,* 3 Kan. App. 2d 376, 380-381, 595 P.2d 735, *rev. denied* 226 Kan. 792 (1979):

"K.S.A. 1978 Supp. 66-118d limits judicial review of an order by the commission to determining whether the order is 'lawful' or 'reasonable.' *Kansas Gas & Electric Co. v. State Corporation Commission,* 218 Kan. 670, Syl. ¶ 1, 544 P.2d 1396 (1976). A court has no power to set aside such an order unless it finds that the commission acted unlawfully or unreasonably. *Jones v. Kansas Gas and Electric Co.,* 222 Kan. 390, 396-7, 565 P.2d 597 (1977). An order is 'lawful' if it is within the statutory authority of the commission, and if the prescribed statutory and procedural rules are followed in making the order. *Central Kansas Power Co. v. State Corporation Commission,* 221 Kan. 505, Syl. ¶ 1, 561 P.2d 779 (1977). An order is generally considered 'reasonable' if it is based on substantial competent evidence. *Jones v. Kansas Gas and Electric Co.,* 222 Kan. 390, Syl. ¶ 2.

"The legislature has vested the commission with wide discretion and its findings have a presumption of validity on review. *Central Kansas Power Co. v. State Corporation Commission,* 221 Kan. at 511. Since discretionary authority has been delegated to the commission, not to the courts, the power of review does not give the courts authority to substitute their judgment for that of the commission. *Central Kansas Power Co. v. State Corporation Commission,* 206 Kan. 670, 675, 482 P.2d 1 (1971). The commission's decisions involve the difficult problems of policy, accounting, economics and other special knowledge that go into fixing utility rates. It is aided by a staff of assistants with experience as statisticians, accountants and engineers, while courts have no comparable facilities for making the necessary determinations. *Southwestern Bell Tel. Co. v. State Corporation Commission,* 192 Kan. 39, 48-9, 386 P.2d 515 (1963). Hence a court may not set aside an order of the commission merely on the ground that it would have arrived at a different conclusion had it been the trier of fact. It is only when the commission's determination is so wide of the mark as to be outside the realm of fair debate that the court may nullify it. *Kansas-Nebraska Natural Gas Co. v. State Corporation Commission,* 217 Kan. 604, 617, 538 P.2d 702 (1975); *Graves Truck Line, Inc. v. State Corporation Commission,* 215 Kan. 565, Syl. ¶ 5, 527 P.2d 1065 (1974)."

In essence, Peoples complains and has complained that the approval of the contract was unlawful, KP&L's intended transaction of natural gas public utility business in Peoples' certificated area is unlawful, and if lawful, KCC permission of the intended transaction of business is unreasonable. Premises of these contentions are that sale and delivery of natural gas by KP&L to MBPXL as called for by the contract constitutes trans-

action of natural gas public utility business by KP&L outside KP&L's certificated territory and within Peoples' certificated territory, and the KCC approval of the contract constituted de facto "dual certification" of KP&L to transact natural gas public utility business at the MBPXL plant. It is argued the purported de facto certification was unlawful because it was effected without a hearing. Differing but little from the foregoing, it also has been and is argued that if KP&L is not treated as certificated to transact business at the MBPXL plant, (1) its sale of gas under the contract is an unlawful transaction of natural gas public utility business outside its certificated territory, and (2) it is unreasonable to permit KP&L to sell to a "customer" of Peoples (a "customer" because located and using the gas in Peoples' certificated territory) when Peoples presently has the facilities and capability to serve MBPXL.

Peoples, noting that K.A.R. 82-1-220 expresses no time requirement for the filing of a complaint, contended in the trial court and contends before us that dismissal of its complaint on the ground it was not timely filed, was not within the statutory authority of the KCC. Other than this argument, there is and has been no contention the January 17, 1980, KCC order was unlawful, that is, the order was not within the statutory authority of the KCC or the prescribed statutory and procedural rules were not followed in making the order. See *Central Kansas Power Co. v. State Corporation Commission,* 221 Kan. 505, Syl. ¶ 1, 561 P.2d 779 (1977); *Midwest Gas Users Ass'n v. Kansas Corporation Commission,* 3 Kan. App. 2d at 380. Thus, all other bases of the appeal from the January 17, 1980, KCC order must be in the nature of claim of unreasonableness. See *Jones v. Kansas Gas and Electric Co.,* 222 Kan. 390, 396-397, 565 P.2d 597 (1977); *Kansas Gas & Electric Co. v. State Corporation Commission,* 218 Kan. 670, Syl. ¶ 1, 544 P.2d 1396 (1976); *Midwest Gas Users Ass'n v. Kansas Corporation Commission,* 3 Kan. App. 2d at 380.

Because of its critical role in our disposition of this appeal, we will set forth Peoples' application to the KCC for rehearing, omitting only statements of formality. It reads:

"3. Applicant requests a rehearing for the purpose of oral argument upon the facts and law heretofore submitted to this Commission.

"4. The order entered herein does not contain a concise and specific statement of the relevant law and basic facts to support the decision of this Commission to deny Complainant the relief requested.

"5. The decision and order of this Commission was entered without consideration of the following evidence:

"(The following testimony has been paraphrased.)

| "Exhibit # 1 | Illustration of Peoples Service facilities with reference to MBPXL plant in Dodge City area. |
|---|---|
| "Heig, Tr. 39-42 | Witness testimony explaining Exhibit #1; |
| "Heig, Tr. 41 | Peoples has more than adequate *capacity* and *supply* to serve the full needs of MBPXL plant; |
| "Heig, Tr. 42 and 50 | Peoples could install necessary metering equipment to facilitate delivery to MBPXL *without* substantial expenditures; |
| "Heig, Tr. 43 | Peoples presently has gas supply lines connected to plant; |
| "Heig, Tr. 44 | Peoples' price to MBPXL per mcf is $1.47; |
| "Heig, Tr. 46 | KP&L's price to MBPXL per mcf is $1.89; |
| "Walrafen, Tr. 77 | KP&L's price to MBPXL per mcf is $1.86; |
| "Heig, Tr. 45 and 65 | Mr. Les Williams of MBPXL said MBPXL could save approximately $260,000 per year if gas is purchased from Peoples rather than KP&L; |
| "Heig, Tr. 46-47 | MBPXL would save between $240,000 and $360,000 per year if gas is purchased from Peoples rather than KP&L; |
| "Heig, Tr. 44 | Peoples expects zero curtailments in next twelve months; |
| "Walrafen, Tr. 77 | The KP&L-MBPXL contract contains a curtailment clause; no customer of KP&L has firm volume guarantees; |
| "Walrafen, Tr. 78 | KP&L has no Certificate of Authority granted by KCC covering territory in which MBPXL plant is located near Dodge City; |
| "Rosenberg, Tr. 8 | KP&L agreed to provide service for MBPXL which is located outside of KP&L's service area; |
| "Heig, Tr. 48 | If Peoples were allowed to make this sale to MBPXL, the revenue generated would have the effect of reducing revenue deficiencies, which would result in a reduction of rates to other Dodge City customers. Residential customers of Peoples in the Dodge City area would benefit from said sale by receiving a reduction in their rates; |
| "Heig, Tr. 49 | KP&L has no residential or industrial customers, other than MBPXL, in the Dodge City area; |
| "Heig, Tr. 48-49 | Residential customers in the Dodge City area will not benefit if KP&L is permitted to sell gas to MBPXL; |
| "Williams, Tr. 98 | MBPXL could have certainly made money on a sale of the pipe; |
| "Williams, Tr. 98-99 | Peoples offered to purchase the pipe." |

Examination of the transcript of the hearing before the KCC on Peoples' complaint discloses the nineteen references in the ap-

plication for rehearing were selectively chosen and, in some instances, the objectivity of the paraphrasing is questionable when account is taken of the context in which the identified testimonial statements were made. However, this situation is not material since the paraphrasing may be taken at face value in arriving at our decision. Neither is it necessary to decide if paragraph 3 of the application for rehearing satisfies the requirement of K.A.R. 82-1-235 (c) and, if not, the consequence thereof.

K.S.A. 66-118b in part provides:

"No cause of action arising out of any order or decision of the commission shall accrue in any court to any party unless such party shall make application for a rehearing as herein provided. Such application shall set forth specifically the ground or grounds on which the applicant considers such order or decision to be unlawful or unreasonable. No party shall, in any court, urge or rely upon any ground not set forth in said application."

When Peoples' application for rehearing is examined in the light of K.S.A. 66-118b, there arises the question whether it preserved for judicial review the grounds and propositions raised before the district court and now presented to us in defense of this appeal. We find it did not.

*Granite City v. Commerce Com.,* 407 Ill. 245, 95 N.E.2d 371 (1950), was decided under a statute providing:

"[A]ny party to the . . . proceeding may apply for a rehearing in respect to any matter determined in said . . . proceeding and specified in the application for rehearing. . . . No person or corporation in any appeal shall urge or rely upon any grounds not set forth in such application for a rehearing before the Commission." Ill. Ann. Stat. Chap. 111⅔, par. 71.

We read the Illinois statute to have expressed the same requirements and limitations as those found in K.S.A. 66-118b. In *Granite City,* it was said and held:

"[T]he appellee and the Illinois Commerce Commission . . . argue that [the] point was not raised in the petition for rehearing and the appellants are, therefore, barred from raising it on appeal by section 67 of the Public Utilities Act, (Ill. Rev. State. 1949, chap. 111⅔, par. 71,) . . . .

The appellants reply to this argument by stating that the only issue before the court is the reasonableness and lawfulness of the commission's order. They cite *Gold v. Commerce Com.,* 383 Ill. 11, for the proposition that, under section 67 of the Public Utilities Act, which states that nothing should be urged or relied upon in the upper court which was not set forth in the application for a rehearing, it is necessary to only make the allegation that the order of the commission is unreasonable and unlawful. They then go on to state that they made the claim in the petition for rehearing that the order of the commission was unreasonable and

unlawful and, therefore, are not in the position of not having raised the question in the petition for rehearing.

"To adopt the contention of appellants results in a broad interpretation of the statute and the requirements as set forth in our cases. *Brotherhood of Railroad Trainmen v. Elgin, Joliet and Eastern Railway Company*, 382 Ill. 55, contains the ruling that appeals from orders of the commission are purely statutory and to become legally effective they must be prosecuted in accordance with the requirements of the statute, and that the statute requires that the points argued on appeal be raised in the petition for rehearing.

. . . .

"We cannot feel that justice or the intent of the statute would be served by the adoption of the construction sought by the appellants here. The purpose of requiring the matters to be raised in the petition for rehearing is to inform the commission and the opposing parties wherein mistakes of law and fact were made in the order. A general allegation could not inform the commission or the opposing party of one mistake of law as opposed to another. The language in the act (Ill. Rev. Stat. 1949, chap. 111⅔, par. 71,) is sufficiently specific to require in unequivocal terms the propositions relied upon by the person petitioning for the rehearing. Under these circumstances, we feel that a proper construction of the statute requires the allegations in the petition for rehearing be sufficiently specific to apprise the commission and opposing parties of the actual points relied on. In this case the petition should have contained a direct allegation that the second order was contrary to the first order, was based upon the same facts, and therefore, was contrary to law. Such was not the case here." 407 Ill. at 248-250.

*State v. Arizona Corporation Commission*, 94 Ariz. 107, 382 P.2d 222 (1963), was decided under the following statutory provisions:

"A. . . . any party to the . . . proceeding . . . may apply for a rehearing of any matter determined in the . . . proceeding and specified in the application for rehearing. . . .

. . . .

"C. The application [for rehearing] shall set forth specifically the grounds on which it is based, and no person . . . shall in any court urge or rely on any ground not set forth in the application." Ariz. Rev. Stat. Ann. § 40-253.

Again the statutory requirements and limitations are those expressed by K.S.A. 66-118b. The Arizona Supreme Court said and held:

"The State, in its complaint filed in the superior court in this action, urges several reasons for holding the action of the commission unlawful, which were not included in haec verba in the petition for rehearing before the commission. The . . . question presented is whether the State is precluded from urging these reasons by [the statute].

. . . .

"It has been held that provisions similar in statement and purpose to that quoted are not satisfied by general averments that the action complained of was

unreasonable and unlawful, Granite City v. Illinois Commerce Commission, 407 Ill. 245, 95 N.E.2d 371 (1950); cf. Hale v. Stimson, 198 Mo. 134, 95 S.W. 885 (1906).

"We approve the language of the Illinois court in the Granite City case, supra:

" '* * * The purpose of requiring the matters to be raised in the petition for rehearing is to inform the commission and the opposing parties wherein mistakes of law and fact were made in the order. A general allegation could not inform the commission or the opposing party of one mistake of law as opposed to another. The language in the act * * * is sufficiently specific to require in unequivocal terms the propositions relied upon by the person petitioning for the rehearing. Under these circumstances, we feel that a proper construction of the statute requires the allegations in the petition for rehearing be sufficiently specific to appraise [sic] the commission and opposing parties of the actual points relied on. * * *' 407 Ill. at 250, 94 N.E.2d at 374.

"However, there is no requirement that the grounds be expressed in the pleadings in the superior court in precisely the same language as was used in the petition for rehearing. The requirement is satisfied if the legal or factual point now relied upon was raised in the petition for rehearing." 94 Ariz. at 111-112.

We neither find nor are we referred to Kansas case authority substantially addressing the question posed and resolved in *Granite City v. Commerce Com.,* 407 Ill. 245, and *State v. Arizona Corporation Commission,* 94 Ariz. 107. The reasoning in those cases is persuasive. Peoples refers us to no contrary foreign authority; it merely attempts to distinguish the cases on facts not affecting the conclusions reached in those decisions.

We conclude K.S.A. 66-118b requires that there be set forth in an application for rehearing the specific grounds upon which the applicant considers the order to be unlawful or unreasonable. The allegation of grounds must be sufficiently specific and direct to apprise the commission and opposing parties of the actual points relied on. Any ground not set forth in the application for rehearing cannot be relied upon in judicial review proceedings. It is not necessary that in an application for judicial review the grounds upon which the applicant considers the order to be unlawful or unreasonable be stated in precisely the same language used in the application for rehearing; however, any ground not specifically and directly alleged in the application for rehearing may not be raised in an application for judicial review. A general or mere allegation in the application for rehearing of unlawfulness or unreasonableness is insufficient to raise an issue for judicial review.

What grounds did Peoples raise and preserve for judicial re-

view by its application for rehearing? Only those found specifically set forth in paragraphs 4 and 5 of the application.

Peoples argues to us "paragraph 4 of the application for rehearing . . . goes to the entire order — each finding of fact, and each statement of law. . . . Surely it was not necessary, in the application for rehearing, to state after each paragraph in the order that 'this was not a basic fact supported by the evidence' or that 'this statement of law was not a statement of relevant law supported by facts in the case.' The commission was fully aware of the contents of its order." Peoples also asserts paragraph 4 correlates with K.A.R. 82-1-232 (a) (3) which requires a formal order of the KCC be in writing and "contain a concise and specific statement of the relevant law and basic facts which persuade the commission in arriving at its decision." Peoples' arguments miss the mark.

Nowhere in these judicial review proceedings do we find it argued that the basic facts recited in the January 17, 1980, order are not supported by the evidence or that the recited basic facts do not support the decision. Again, the thrust of Peoples' contentions has been that the KCC erred in its January 17, 1980, order by failing to find the September 8, 1978, order unlawful, present sale of natural gas under the contract unlawful, and permitting sale under the contract unreasonable. To read paragraph 4 to generally allege unlawfulness or unreasonableness as contended by Peoples strains acceptable interpretation of the paragraph 4 language. We find it beyond acceptable interpretation of that language to construe it as an allegation sufficiently specific to apprise the KCC and opposing parties of the actual points relied on, that is, to inform them of one mistake of law or fact as opposed to another. Furthermore, it requires unreasonable interpretation to read paragraph 4 to say anything more than that there was not compliance with K.A.R. 82-1-232 (a) (3). That is not an issue or ground that has been raised in the proceedings for judicial review.

In regard to paragraph 5 of the application for rehearing, Peoples asserts K.A.R. 82-1-235 (a) establishes failure to consider evidence, cited to the record in the application for rehearing, as a ground for rehearing; paragraph 5 of Peoples' application for rehearing complies with K.A.R. 82-1-235 (a); and, therefore, the application for rehearing raised the issue that the KCC erroneously failed to consider the identified evidence.

The requirement that issues subject to judicial review must be found in specific allegation of grounds for rehearing set forth in the application for rehearing is statutorily mandated. K.S.A. 66-118b. Although administrative regulations and rules may be promulgated to implement statutes and the exercise of delegated authority, and duly adopted administrative regulations and rules have the force of law, administrative regulations and rules do not supplant statutory law nor do they preempt judicial statutory interpretation. K.A.R. 82-1-235 (a) establishes procedure before the KCC. Its apparent purpose is to facilitate KCC consideration of applications for rehearing. Compliance with it is beneficial to the KCC and all parties, but some compliance falls short of fulfillment of the statutory requirement of specific expression of grounds for rehearing when considered on judicial review. Compliance with K.A.R. 82-1-235 (a) enables understanding consideration of a specific ground for review that is affected or supported by evidence presented to the KCC. Paragraph 5 of the application for rehearing sheds no light upon the purported impact of the identified evidence, nor does it reveal in what respect the alleged failure to consider these "facts" is claimed to render the January 17, 1980, order erroneous. Paragraph 5 does not satisfy the statutory requirement for specific and direct allegation of the grounds upon which the order is considered to be unlawful and unreasonable.

In sum, we conclude Peoples' application for rehearing was insufficient to preserve for judicial review any contention of unlawfulness or unreasonableness in the January 17, 1980, order which has been asserted in this proceeding. Accordingly, we hold the decision of the district court must be set aside. Our decision renders it unnecessary to address the numerous other questions raised and arguments made.

The judgment and order of the district court is vacated and set aside. The case is remanded with directions to dismiss.